UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

**In re: 800 Pinebrook Road, Hazard, Kentucky 41701**

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | No. 6:20-cv-00011-REW-HAI |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| PATRICK BALCH, *et al.*, ) | |
| ) | |
| Defendants ) | |
| _____) | |

## *IN REM* JUDGMENT AND ORDER OF SALE

\* \* \* \* \* \*

This matter having come before the Court upon the Plaintiff's Motion for an *In Rem* Judgment and Order of Sale against the interests of the Defendants, Patrick Balch, the Unknown Spouse of Patrick Balch, and Midland Funding, LLC, in the real property which is the subject of this action, and the Court having considered the Motion and its record herein, and being otherwise sufficiently advised, it is

ORDERED, ADJUDGED and DECREED herein as follows:

1. That the Plaintiff's said motion should be and the same is hereby GRANTED.

2. That the Plaintiff, the United States of America, be and it is hereby granted *In Rem* Judgment as follows:

    a. *In rem* judgment on the pleadings and order of sale is hereby entered against the interests of the Defendants, Patrick Balch, the Unknown Spouse of Patrick Balch,

1

and Midland Funding, LLC, in the real property which is the subject of this action, in the principal sum of $58,117.20, with accrued interest of $4,174.87 through August 13, 2019, with the total subsidy granted of $22,788.75, late charges in the amount of $32.32, and with fees assessed of $3,307.90, for a total unpaid balance due of $88,421.04. Interest is accruing on the unpaid principal balance at the rate of $9.6555 per day after August 13, 2019, until the date of entry of the Judgment herein and interest thereafter on the judgment at the rate of 1.03 percent per annum, until paid, plus costs, disbursements and expenses.

b. *In rem* default judgment was previously entered against the Defendant, Midland Funding, LLC. Said Defendant is found to have no interest in the real property located at 800 Pinebrook Road, Hazard, Kentucky 41701.

3. That federal liens attach to the real property which is the subject of this action, the same being located in Perry County, Kentucky, and more particularly described as follows (hereinafter the "Property"):

> A survey of a tract of land lying 1.45 miles northwest from the junction of Highway 451 and Old Highway 80 on Pinebrook of Little Willard Creek, a tributary of the North Fork of the Kentucky River, in Perry County, Kentucky, and being more accurately described as follows:
>
> Unless otherwise noted all monuments referred to as capped steel pin are ½" rebar 18" in length with a plastic yellow cap (LS# 3114), all bearings are magnetic.
>
> BEGINNING at a capped steel pin set near a 48 inch beech in the lien of Sharon Caldwell (Book 205, Page 338); thence up the hill S 62d 59m 08s E, 35.68 feet to a capped steel pin set near a found steel stake, near the center of the ridge; thence, N 10d 29m 40s E, 106.26 feet to a capped steel pin; thence N 13d 04 m 20s W, 105.70 feet to a capped steel set near twin white oaks; thence, down the slope N 63d 23m 15s W, 74.70 feet to a capped steel pin set near a 6 inch sourwood; thence S 64d 24m 42s W, 51.74 feet to a capped steel pin

set near a 6 inch sourwood just above an existing dirt road; thence, around the hill above said road S 26d 06m 18s E, 101.51 feet; thence, S 20d 09m 21s E, 20.54 feet; thence, S 12d 19m 56s W, 74.88 feet to a capped steel pin; thence S 69d 38m 04s E, 53.85 feet to the point of beginning containing approximately 0.45 acres as surveyed by Wayne Davis, P. O. Box 30, Hazard, Kentucky 41701, on 6-20-2007, and being a part of Deed Book 205, Page 338.

### EASEMENT

BEGINNING at a point on the centerline of an existing road (16 foot wide). This point being referenced N 69d 36m 04s W, 25.81 feet from a capped steel pin set near a 48 inch dead Beech tree; thence, with the centerline S 55d 21m 05s W, 26.34 feet; thence, S 61d 29m 07s W, 69.19 feet; thence, S 59d 02m 19s W, 117.23 feet; thence, S 50d 05m 26s W, 32.50 feet; thence, S 42d 07m 26s W, 31.50 feet; thence, S 35d 52m 23s W, 122.22 feet; thence, S 51d 23m 48s W, 25.13 feet; thence, S 62d 48m 38s W, 24.30 feet; thence S 81 d 18m 09s W, 16.15 feet; thence, N 76d 49m 07s W, 55.06 feet; thence, N 56d 12m 48s W, 27.41 feet; thence, N 25d 40m 27s W, 24.21 feet; thence N 22d 49m 42s W, 52.80 feet; thence, N 30d 37m 43s W, 73.78 feet to the county road.

Being the same property conveyed to Patrick Balch by a deed from Hazard-Perry County Housing Development Alliance, Inc., dated December 17, 2007, and of record in Deed Book 335, Page 361, records of the Perry County Clerk's Office.

4. That the federal liens attaching to the Property shall be foreclosed and the Property sold at auction, pursuant to Title 28, United States Code, Sections 2001 and 2002, in the manner hereinafter set forth; and that the Property shall be sold free and clear of all liens, claims, and rights of redemption of all the parties to this action, except for restrictions and easements of record, zoning laws affecting the Property, municipal utility and/or maintenance liens, and any city, county, state or school ad valorem taxes which may be due and payable or assessed against the Property at the time of the sale. Payment of such property taxes and municipal utility or maintenance charges shall be the responsibility of the purchaser of the Property at the foreclosure sale.

5.   That in accordance with the foregoing paragraph the following liens, to the extent they affect the Property, shall be deemed to be released against the subject real property upon entry herein of the Court's order confirming the foreclosure sale of the Property as more fully set forth below:

   a. Mortgage in favor of the United States Department of Agriculture, Rural Development, December 17, 2007, in Mortgage Book 284, Page 609, in the Perry County Clerk's Office.

   b. Notice of Judgment Lien on Real Estate in favor of Midland Funding, LLC, recorded on November 13, 2017, in Mortgage Book 75, Page 191 in the Perry County Court Clerk's Office.

6.   That the United States Department of Agriculture, Rural Development, be and it hereby is authorized and directed to offer the Property for sale at public auction. The sale shall be conducted within Perry County, Kentucky. Rural Development shall advertise the sale by causing a notice of the sale, containing the time and place of the sale, a description of the Property, and the terms of the sale, to be published no less than once a week for four consecutive weeks prior to the sale in a daily newspaper of general circulation in Perry County. Rural Development shall pay the expenses of such advertising, and shall be reimbursed upon distribution of the sale proceeds. Prior to the sale, Rural Development shall have the Property appraised by a certified/licensed appraiser who shall be duly sworn by law before entering upon such duties. Rural Development shall pay the customary fee for the appraisal, and shall be reimbursed upon distribution of the sale proceeds. Neither the appraiser nor anyone acting on his or her behalf may make a bid to purchase the Property. Should the purchase price for the Property be less than two-thirds of its appraised value, the United States Marshal's deed conveying the Property to the purchaser shall contain a lien in

favor of the Defendants herein who are the record, chain-of-title owners of the Property reflecting their right to redeem the Property during the period for such redemption provided by law. Upon the sale of the Property, the successful bidder may pay to the United States Marshal for the Eastern District of Kentucky the purchase price in case or upon a credit of 60 days. At the sale, no bid (except as to Rural Development and the other secured parties to this action who may credit bid against their judgments herein) shall be accepted unless the same is accompanied by an immediate cash deposit of at least 10% of the amount of the purchase price. The successful bidder(s) shall execute a sales bond with good and sufficient surety, or shall provide a bank letter of credit, for the balance of the purchase price. The requirement of a sales bond or a bank letter of credit may be reasonably waived by the attorney for the United States. The successful bidder(s) must tender the balance of the purchase price to the Lexington office of the United States Marshal within 60 days following the date of the sale. Upon a default by the purchaser(s), the purchaser's initial deposit shall be forfeited and retained by the United States Marshal to be subsequently disbursed as a part of the proceeds of sale; whereupon the Property shall again be offered for sale in compliance with this Judgment.

7. That the sale of the Property shall be subject to confirmation by this Court. As soon as practicable following the sale, Rural Development shall cause to be filed of record herein a Report of Sale. The Report of Sale shall set forth the times and place of the sale, the appraised value of the Property, the purchase price, the identity and addresses of the purchasers, a statement of how the purchasers wish to take title to the Property, and the advertising, appraisal and other expenses of the sale incurred by Rural Development. The Report of Sale shall lay over for objections and exceptions for ten days after the filing of the Report. After the Report has laid over for ten days, the United States shall forthwith file a motion herein for confirmation of the sale and

for entry of an order directing the United States Marshal to execute a deed of conveyance of the Property to the purchaser. The attorney for the United States shall prepare the Marshal's deed. The United States Marshal is not required to generally warrant title to the Property, and in no event shall the Marshal be personally obligated in any manner whatsoever. The Marshal shall tender the deed to the Court for approval and endorsement. The Marshal shall not deliver or cause delivery of the deed to the purchaser of the Property until such time as the sale has been confirmed by the Court, the deed has been examined and approved by the Court, and the purchase price has been paid in full to the Marshal. Following confirmation of the sale, payment in full of the purchase price, and delivery of the deed, the United States shall forthwith file of record herein a motion for distribution of the sale proceeds, and to have this action stricken from the Court's active docket.

8. That the proceeds of the sale of the Property shall be subjected first to the payment of the costs of this action and the sale, then toward satisfaction of the Plaintiff's Judgment against the Defendants, and thereafter as this Court shall direct.

9. That in order to conduct the foreclosure sale of the Property, the United States shall have possession of the Property. Any persons now possessing or occupying the Property shall make the same available for inspection upon reasonable notes by the United States, and all such persons now possessing or occupying the Property shall completely move out of the Property not later than 30 days from the date of entry of this Judgment. Should any such person fail to move out of the Property in compliance with this Judgment, the United States shall, upon motion, be entitled to the entry of a Writ of Assistance providing for the eviction of such persons from the Property. Upon request of Rural Development or the attorney for the United States, the United States Marshal for the Eastern District of Kentucky is hereby authorized and directed to perform

any an all acts which may be reasonable required to protect the Property and to maintain the peace at the sale of the Property or at the eviction of persons who fail to comply with his Judgment.

10. That this action is now continued for confirmation of the sale of the Property, distribution of the sales proceeds, and for such further orders and judgments as may be necessary.

This the 28th day of April, 2022.

Signed By:
*Robert E. Wier*  /s/ REW
United States District Judge